MICHAEL E. KOCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Koch v. Commissioner
Docket No. 22544-87.
United States Tax Court
T.C. Memo 1988-499; 1988 Tax Ct. Memo LEXIS 522; 56 T.C.M. (CCH) 506; T.C.M. (RIA) 88499; October 17, 1988. Michael E. Koch, pro se. Michael C. Whelan, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined a deficiency in petitioner's 1981 and 1982 Federal income tax and additions to tax as follows: >100> >101> Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6651(a)(1)
1981
$ 3,865.00
$ 193.25 50 percent of
$ 961.25 interest due on 3,845.00
1982
774.00
38.70 50 percent of
193.50 interest due on 744.00
Year
Sec. 6654(a)
1981
$ 299.52
1982
77.00
*523 The issues for decision are: (1) Whether wages and unemployment compensation paid to petitioner in 1981 and 1982 constitute amounts properly includable in gross income; (2) whether petitioner is liable for the above-stated additions to tax for negligence, failure to timely file his returns, and failure to file estimated taxes; and (3) whether petitioner is liable for damages under section 6673. The petition also alleged petitioner's entitlement to itemized deductions. No evidence was introduced on this point and petitioner abandoned this issue in his post trial statement filed with the Court. The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in McHenry, Illinois when he filed his petition in this case. During the years in issue, petitioner performed services as a bus driver and a machinist. Petitioner received wages of $ 19,481.73 in 1981 and $ 6,758.90 [2] in 1982. Petitioner received unemployment compensation of $ 1,886.00 in 1981 and $ 8,160.00 in 1982. [2]
*524 Petitioner failed to file Federal income tax returns for the taxable years 1981 and 1982. Petitioner's wages are includable in taxable income. Petitioner maintains that because he received wages in exchange for services, no amounts received are subject to tax. It is well settled that wages received in exchange for services rendered constitute taxable income. . We must also decide whether part of the unemployment compensation petitioner received in 1981 and 1982 is includable in his taxable income. Petitioner neither denies receiving the unemployment compensation nor argues that the amounts which respondent determined to be taxable under section 85 are improper. We therefore hold for respondent on this issue. The next issue for decision is whether petitioner is liable for the additions to tax under sections 6653(a)(1) and (2), 6651(a)(1), and 6654(a). Petitioner bears the burden of proof. Rule 142(a). Petitioner has failed to offer any evidence indicating that these additions to tax are inappropriate. Therefore, respondent's determinations will be sustained. Finally, we must consider respondent's *525 motion for an award of damages under the provisions of section 6673. Section 6673 states that this Court shall award damages not in excess of $ 5,000 when proceedings have been instituted or maintained primarily for delay or where the taxpayer's position is frivolous or groundless. This proceeding meets these requirements. Damages in the amount of $ 2,000 are awarded to the United States. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's notice of deficiency determines that petitioner received wages of $ 6,879.00 in 1982. The stipulation of facts filed by the parties, however, states that petitioner received wages of $ 6,758.90 in 1982. A computation under Rule 155 for the 1982 tax year will be necessary. ↩